# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 64 | **DATE** | 5/30/2003 |
| **CASE TITLE** | Collins vs. Sparacio, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss [7-1] is granted in part and denied in part. The motion to dismiss the Count I FDCPA claim is denied. The motion to dismiss the Count II ICFA is granted. Defendant is directed to answer the remaining portions of the complaint by 6/12/03. Ruling date of 6/17/03 is stricken. Plaintiff's motion for class certification [9-1] is continued to 7/10/03 at 9:30 a.m. Status hearing is set for 7/10/03 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 2 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 14 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 5/30/2003 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |



# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

THOMAS A. COLLINS, individually and on )
behalf of all others similarly situated, )
      Plaintiff, )
      vs. ) No. 03 C 0064
) Judge Joan H. Lefkow
STEVEN SPARACIO and LAW OFFICES OF )
STEVEN J. SPARACIO, )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Thomas A. Collins ("Collins"), brings this putative class action against Steven J. Sparacio and the Law Offices of Steven J. Sparacio (collectively "Sparacio"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* (Count I), and the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/1 *et seq.* (Count II). Sparacio has moved under Rule 12(b)(6), Fed. R. Civ. P., to dismiss Collins's Complaint for failure to state a claim upon which relief may be granted. The court has jurisdiction over the claims under 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1367. For the reasons set forth below, Sparacio's motion is granted in part and denied in part.

## DISCUSSION

According to Collins's Complaint, on January 23, 2002, Sparacio, as attorney for Areawide Cellular LLC ("Areawide"), caused a law suit to be filed against Collins in the Circuit Court of Cook County, Illinois, Municipal Division (the "State Complaint"), attempting to

collect a debt owed to Areawide. Collins claims that in the State Complaint, Areawide alleged that Collins owed it $300 and $600, thereby making it unclear what the amount of the alleged debt was. Moreover, Collins asserts that in the event the State Complaint seeks to collect a $300 dollar "cancellation fee" for Collins canceling telephone service with Areawide, the amount of the debt was misrepresented because any agreement between Collins and Areawide was superseded by an agreement which does not obligate Collins to pay the cancellation fee and because of Collins's $250 deposit given at the time of contracting which was kept as a penalty for his alleged cancellation. Collins alleges that Sparacio's State Complaint violated the FDCPA by falsely representing the character, amount, or legal status of an alleged debt in violation of 15 U.S.C. § 1692e(2)(A), and by attempting to collect amounts not authorized by contract or by law, in violation of 15 U.S.C. § 1692(f)(1). Moreover, Collins claims that by falsely representing the amount he allegedly owed, Sparacio committed deceptive and unfair practices in violation of the ICFA.

Starting with the Count I FDCPA claim, the threshold issue is what the court may consider in determining whether this claim should be dismissed at this stage of the litigation. Sparacio attaches two exhibits (A and B) to his motion to dismiss and urges the court to consider the documents in deciding this 12(b)(6) motion. As is well known, a motion to dismiss under Rule 12(b)(6) challenges only the sufficiency of the complaint for failure to state a claim upon which relief may be granted, *General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997), and the court's inquiry is generally limited to only the "pleadings." *See* Fed. R. Civ. P. 12(b)(6). If documents outside the pleadings are placed before the court on a Rule 12(b)(6) motion, the court must either exclude such documents or convert the motion to

dismiss to a motion for summary judgment and afford the plaintiff an opportunity to submit additional evidentiary material. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1992). The Seventh Circuit, however, has created a narrow exception to this general rule when a defendant attaches a document to its motion to dismiss and the document is mentioned in a plaintiff's complaint and "central" to the plaintiff's claims. *E.g., Id.* ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) ("[T]his is a narrow exception aimed at cases interpreting, for example, a contract."). In such circumstances, the documents are considered part of the pleadings and may be considered in ruling on a motion to dismiss. *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

Exhibit A is an agreement between Areawide and Collins through which Collins purchased his cellular phone and its accessories. Exhibit B is an agreement with Cellular One, with whom Collins contracted, outlining the terms of Collins's cellular charges. Sparacio argues that the court can consider exhibits A and B because they are mentioned in Collins's Complaint, are central to Collins's claims, and are attached to the motion to dismiss. In response, Collins claims that the exhibits should not be considered on this motion or, if they are considered, that the court should convert the motion to one for summary judgment and give him the opportunity to submit his own evidentiary materials.

There is no question that the documents in question are attached to Sparacio's motion to dismiss and are mentioned in Collins's Complaint. (*See* Compl. ¶ 10.) The court, however, questions whether these exhibits are in fact "central" to Collins's FDCPA and ICFA claims. In

3

*Venture Assocs.*, the Seventh Circuit allowed the consideration of both an "offer to sell" and "letter of intent" in a breach of contract action, concluding that such documents were central to plaintiff's claim because they "consitute[d] the core of the parties contractual relationship." 987 F.2d. at 431-32. *See also, Wright*, 29 F.3d at 1248 (in 42 U.S.C. § 1983 and tortious interference with contractual relationship case, allowing reference to health insurance agreement referred in complaint because plaintiff alleged that the agreement gave him a property interest in employment and because it was the contract with which defendants allegedly interfered). Here the document that is central to Collins's claim is the State Complaint, as that is the document he alleges violated the FDCPA and the ICFA. Exhibits A and B are mentioned in the Complaint where Collins alleges, on information and belief, that an agreement exists between Collins and Areawide (exhibit A) which was superseded by an agreement which does not obligate Collins to pay the cancellation fee to Areawide (exhibit B).

Several reasons exist why the court does not believe it appropriate to consider the exhibits on this motion. First, the exhibits are not mentioned throughout the Complaint or quoted from. *See Tierney* v. *Vahle*, 304 F.3d 734, 739 (7th Cir. 2000) ("[P]erhaps [the exception] should be limited to cases in which the suit is on a contract or the plaintiff, if he has not attached, has at least quoted from, the document later submitted by the defendant."). Also, Collins does not agree that the documents should be considered and asks that if they are he be allowed to present evidentiary material of his own. Additionally, this is not a contract case and, more than anything, these documents supply Sparacio's defense to Collins's claims and not the foundation for Collins's FDCPA claim. Thus, the court will not consider these exhibits on this motion to dismiss.

4

Otherwise, Collins's Complaint sufficiently alleges a FDCPA violation. Collins pleads that the State Complaint falsely represented the character, amount or legal status of an alleged debt under 15 U.S.C. § 1692e(2)(A) and attempted to collect an amount not authorized by contract or law under 15 U.S.C. § 1692f(1). This is sufficient to satisfy the notice pleading standard under Rule 12(b)(6). *See, e.g., Johnson* v. *Revenue Mgmt. Corp.*, 169 F.3d 1057, 1059 (7th Cir. 1999) ("A contention that a debt-collection notice is confusing is a recognized legal claim; no more is needed to survive a motion under Rule 12(b)(6)."). Accordingly, the motion to dismiss Count I is denied.

Turning to Sparacio's motion to dismiss the ICFA claim, he argues that Count II should be dismissed because the ICFA does not apply to an attorney engaged in the practice of law. *See Cripe* v. *Leiter*, 184 Ill. 2d 185, 199, 703 N.E. 2d 100, 107 (1998). In *Cripe*, the Illinois Supreme Court refused to apply the ICFA to a law firm's allegedly improper billing of a client for legal services. 184 Ill. 2d at 199, 703 N.E. 2d at 107. The court's specific holding was that the ICFA does not apply where "allegations of misconduct arise from a defendant's conduct in his or her capacity as an attorney representing a client . . . ," although the court did address more generally the nature of the legal profession as a business historically regulated by the Illinois Supreme Court and not the Illinois legislature. *Id.* at 195-99, 703 N.E. 2d at 105-07. Other courts have given broader effect to this language in *Cripe*, noting that the Illinois Supreme Court "was not solely interested in the attorney-client relationship in *Cripe*, but also focused on the nature of law as a business historically regulated by the Illinois Supreme Court, not the Illinois legislature." *Shalabi* v. *The Huntington Nat. Bank*, No. 01 C 2959, 2001 WL 777055, at *2 (N.D. Ill. July 11, 2001); *Zanayed* v. *Gertler & Gertler, Ltd.*, No. 99 C 5150, 2000 WL 294183, at *2 (N.D. Ill.

5

March 17, 2000) ("The key to Illinois' treatment of the issue lies in the courts' recognition that attorneys are particularly subject to special regulation and license requirements of the Illinois Supreme Court and its agencies.").

In *Shalabi*, the court applied the reasoning of *Cripe* to allegations of misconduct by a law firm which attempted to collect late charges its clients were not entitled to. 2001 WL 777055, at *2. The court noted that the Illinois Supreme Court's ruling in *Cripe* would have equal persuasive force when an attorney represents "someone else's client." *Id.* at *3. The court further noted that the Illinois Rules of Professional Conduct "forbid an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation." *Id.*, citing 134 Ill. 2d R. 8.4. Moreover, the Rules of Professional Conduct "reach beyond the attorney-client relationship itself to regulate the conduct of attorneys with non-clients and potential or actual adversaries." *Id.*, citing 143 Ill. 2d R. 4.1–4.3. Thus, the court held that the ICFA did not apply to the law firm because it was acting in the course of the legal profession. *Id.*

There is no question based on the allegations of the Complaint that Sparacio acted as an attorney in the practice of law when he filed the collection action against Collins. There also is no question that, as in *Shalabi*, Sparacio's actions would be covered under any pertinent Rules of Professional Conduct and that Sparacio was required to be licensed and subject to discipline in the state of Illinois to perform any of these actions. Accordingly, the court concludes that the ICFA claims do not apply to Sparacio's actions. As such, Collins can prove no set of facts to support his ICFA claim against Sparacio. The Count II claim is dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Sparacio's motion to dismiss is granted in part and denied in part [#7]. The motion to dismiss the Count I FDCPA claim is denied. The motion to dismiss the Count II ICFA is granted. Sparacio is directed to answer the remaining portions of Collins's Complaint by June 12, 2003. This case will called for status on July 10, 2003 at 9:30 a.m. In the meantime, the parties are directed to meet in a sincere effort to resolve this case short of trial.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: May 30, 2003